UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TARVIS WILSON,
FDOC Inmate No. B01216,
    Plaintiff,

vs.                                          Case No.: 3:19cv3778/RV/EMT

NURSE C. NEELY, et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, an inmate proceeding pro se and in forma pauperis, commenced this action on or about October 14, 2019, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1).  On April 23, 2021, the undersigned entered an order stating that upon review of Plaintiff's allegations, it appeared service of the second amended complaint was appropriate (ECF No. 19).  The second amended complaint was served, and Defendants appeared.  A number of motions, including motions to dismiss, which the court converted to motions for summary judgment, are pending.  Having reviewed Plaintiff's second amended complaint (ECF No. 16), as well as the pending motions and responses filed to date (ECF Nos. 32, 33, 37, 38, 42, 48, 51, 52, 65), it is clear Plaintiff failed to fully disclose his litigation history.  Accordingly, the action should be dismissed at this juncture.

Because Plaintiff is a prisoner, the court must dismiss the action if satisfied it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form requires disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under § 1915A(b)(1). *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935–36 (11th Cir. 2013) (unpublished) (dismissal of action without prejudice as malicious for abuse of judicial process warranted where inmate failed to disclose case he filed against prison officials just five months earlier and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); *Harris v. Warden*, 498 F. App'x 962, 964–65 (11th Cir. 2012) (unpublished) (dismissal of action without prejudice for abuse of judicial process warranted where inmate made no attempt to disclose prior cases in original or amended complaint); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132–33 (11th Cir. 2012) (unpublished) (dismissal

of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process warranted where plaintiff failed to disclose existence of one prior case and disclosed existence of another prior case but failed to disclose it was dismissed as frivolous, malicious, failing to state a claim, or prior to service); *Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (unpublished) (prisoner's failure to disclose previous lawsuit filed in district court while a prisoner constituted abuse of judicial process warranting sanction of dismissal of his § 1983 action, as prisoner's misrepresentation was not excused by explanation that he misunderstood the complaint form on which he represented, under penalty of perjury, that he had not filed any prior lawsuits with similar facts or otherwise relating to his imprisonment or conditions of confinement); *Shelton v. Rohrs*, 406 F. App'x 340, 340–41 (11th Cir. 2010) (unpublished) (affirming dismissal of action without prejudice for prisoner plaintiff's abuse of judicial process where plaintiff failed to disclose four previous civil actions, finding that even if prisoner did not have access to his legal materials, he would have known that he had filed multiple previous lawsuits); *Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940–41 (11th Cir. 2010) (unpublished) (district court did not abuse its discretion when it sanctioned Florida prisoner proceeding in forma pauperis by dismissing his civil

rights lawsuit *sua sponte* for not disclosing all information known to him regarding prior cases even though prisoner could not afford to pay copying and certification costs charged by Florida state courts and no longer had documents necessary to answer fully due to Florida Department of Corrections rule prohibiting possession of "excess legal material"); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (dismissal of pro se state inmate's § 1983 action as sanction for providing false answers to unambiguous questions on complaint form regarding prior lawsuits not an abuse of discretion even though inmate conceded in objections to magistrate judge's report and recommendation that his disclosures were incomplete, finding that to allow inmate to continue with suit would have served to overlook his abuse of judicial process).

In general, a dismissal without prejudice does not amount to an abuse of discretion. *See Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (holding dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. *See Kotzen v. Levine*, 678 F.2d 140 (11th Cir. 1982).

Having conducted a thorough review, the court is satisfied this action is malicious and thus recommends dismissal under 28 U.S.C. § 1915A(b)(1).  Section IV of the complaint form requires a plaintiff to disclose information regarding prior civil cases filed in state and federal court (ECF No. 16 at 4–7).  Question D of Section IV asks whether the plaintiff has "ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service" (*id.* at 5) (emphasis in original).  If so, the complaint form requires that the plaintiff "identify each and every case so dismissed" (*id.*).  Plaintiff responded "YES" to Question D and disclosed two cases dismissed for failure to state a claim—*Wilson v. Carver, et al.*, Case No. 3:19cv1074-BJD-JBT (M.D. Fla.), and *Wilson v. Dickerson, et al.*, Case No. 3:19cv1073-BJD-PDB (M.D. Fla.) (*id.* at 5–6).  At the end of the civil rights complaint form, Plaintiff signed his name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT**" (*id.* at 16).

As routinely recognized by this court, the information in Section IV of the form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the

Page 6 of 10

> Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, Order of Dismissal, Case No. 3:00cv249/RH (N.D. Fla. Oct. 27, 2000). Further, because prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the disposition of those cases, can be considerable, especially in a case such as this one, in which the plaintiff has an extensive litigation history (*see, e.g.,* ECF Nos. 32, 33, 37).

The court takes judicial notice that prior to initiating this action, Plaintiff filed the following federal case that was dismissed prior to service on September 21, 2011: *Wilson v. State of Fla.*, Case No. 1:10cv22279-ASG (S.D. Fla.) (ECF No. 19). Plaintiff did not disclose this case on the complaint form despite the form's clear instruction that he do so.[1] The court can confirm the plaintiff who filed that case is

---

[1] Plaintiff's initial complaint was not filed on the court form, and Plaintiff provided no information regarding his prior litigation history (*see* ECF No. 1). Plaintiff filed his amended complaint on the

Case No.: 3:19cv3778/RV/EMT

the same plaintiff who initiated the instant action because the signatures on the complaints are essentially identical—and distinctive. Moreover, the plaintiff who filed Case No. 1:10cv22279-ASG was confined in the Palm Beach County Jail at the time he initiated the action on July 1, 2010. The Florida Department of Corrections (FDOC) website confirms that the Plaintiff in this case was convicted of a number of offenses in Palm Beach County, which were committed on August 17, 2008, and for which Plaintiff was sentenced on November 8, 2011 (*see* http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=B01216&TypeSearch=AI). The criminal case number of the Palm Beach County case, according to the FDOC website, is 0812010 (*see id.*); the state criminal case at issue was identified by the plaintiff who filed Case No. 1:10cv22279-ASG as Case No. 08-CF-012010 AMB (*see, e.g.,* ECF No. 1 at 1, 5).

The court has authority to control and manage matters such as this case pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The

---

court form, but he did not disclose the case identified and, in fact, indicated in response to Question D that he had never had *any* federal court action dismissed prior to service (*see* ECF No. 4 at 10).

court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff falsely responded to a question on the amended and second amended complaint forms, as set forth above. Plaintiff knew, or from reading the complaint form should have known, that disclosure of all prior actions was required and that dismissal of the action may result from untruthful answers.[2] If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses

---

[2] Indeed, section IV of the complaint form includes the following notice: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL" (ECF No. 16 at 4) (emphasis in original). Although Plaintiff indicated in response to Question C that he had filed "[a] lot more" cases in state or federal court relating to the fact or manner of his incarceration or the conditions of his confinement but could not recall all of them, he did not so indicate in response to Question D; instead, as set forth above, he affirmatively indicated he had had only two prior federal actions dismissed as frivolous, malicious, failing to state a claim, or prior to service (*see* ECF No. 4 at 10, 12; ECF No. 16 at 5–6).

is to dismiss this cause *without prejudice*.[3, 4] *See Rivera*, 144 F.3d at 731 (dismissal of an action without prejudice as a sanction for a pro se prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, is proper); *Spires*, Case No. 3:00cv249/RH, Order (N.D. Fla. Oct. 27, 2000) ("Dismissal without prejudice is not too severe a sanction under these circumstances."). Plaintiff also should be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it respectfully **RECOMMENDED**:

---

[3] Providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuit he failed to identify would equate to overlooking his abuse of the judicial process. *See Hood*, 197 F. App'x at 819. Amendment would not change the fact that Plaintiff failed to disclose all of the cases he was required to disclose, despite his knowledge that accurate disclosure of his litigation history on the complaint form was required and that dismissal of the instant action may result from untruthful answers to the questions in Section IV of the complaint form.

[4] A dismissal without prejudice does not equate to a dismissal with prejudice due to a statute of limitations issue. The statute of limitations for claims under § 1983 is four years. *See Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (four-year statute of limitations for § 1983 claims for which Florida is the forum state). The alleged unconstitutional conduct of which Plaintiff complains first occurred on April 17, 2019 (*see* ECF No. 16 at 7). Plaintiff thus has more than adequate time to file another civil rights action.

1. That this case be **DISMISSED WITHOUT PREJUDICE** as malicious pursuant to 28 U.S.C. § 1915A(b)(1).

2. That all pending motions be denied as moot.

3. That the clerk be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 9th day of February 2022.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections must be served on all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.: 3:19cv3778/RV/EMT